NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN C. HAN,

          Plaintiff-Appellant,

  v.

YANGRAI CHO,

          Defendant-Appellee.

No. 19-16073

D.C. No. 1:18-cv-00277-HG-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Karen C. Han appeals pro se the district court's judgment dismissing her diversity action alleging fraud and civil conspiracy claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). We affirm.

The district court properly dismissed Han's action for lack of personal jurisdiction because Han failed to allege facts sufficient to establish that defendant Cho had continuous and systematic contacts with Hawaii to establish general personal jurisdiction, or sufficient minimum contacts with Hawaii to provide the court with specific personal jurisdiction over Cho. *See CollegeSource, Inc.*, 653 F.3d at 1074-76 (discussing requirements for general and specific personal jurisdiction).

The district court did not abuse its discretion in denying Han's motion for reconsideration because Han failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

The district court did not abuse its discretion in denying Han's request for jurisdictional discovery because Han failed to demonstrate that the requested discovery would have yielded "jurisdictionally relevant facts." *Boschetto v. Hansing*, 529 F.3d 1011, 1020 (9th Cir. 2008) (setting forth standard of review and explaining that the denial of a request for jurisdictional discovery "based on little more than a hunch that it might yield jurisdictionally relevant facts [is] not an abuse of discretion").

The district court did not abuse its discretion by dismissing Han's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

**AFFIRMED.**